### DANIEL v. HESTER.

1. A plaintiff must prove his case as made by the pleadings. In action for foreclosure, an allegation of title in the mortgagor is not required, but is involved in the other usual allegations; and in this case, these allegations were not so controverted by the defendants in possession as to make it incumbent upon plaintiff to prove title in the mortgagors.
2. The answer not having controverted the allegation in the complaint that the defendants were claiming some interest accruing subsequent to the mortgage, the assertion of present title in themselves was new matter, and in the issue ordered they were properly required to be the actors.

Before WITHERSPOON, J., Colleton, February, 1884.

The opinion states the case.

*Messrs. Howell & Murphy,* for appellants.

*Messrs. Edwards & Tracy,* contra.

February 26, 1886. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action in the usual form to foreclose a mortgage upon a lot of land in St. George's, Colleton County, given by Joseph G. Hester and his wife, Josephine N. Hester, September 2, 1868, to secure a note to the plaintiff for $750. The action was not commenced until 1883, and the plaintiff, finding that the mortgagors, Hester and wife, had left the country, and the mortgaged premises were in the possession of other persons, made those in possession as well as the mortgagors parties defendant. The complaint alleged the execution of the note and mortgage, that the debt was not paid, and, stating that the persons in possession of the land set up some interest therein "accruing since the execution of the mortgage," prayed foreclosure.

The mortgagors, Hester and wife, did not answer, but let the case go by default. The answering defendants, however, claimed that they had been in possession of the land for more than ten years, and "deny that the mortgagors have any interest in the

premises, and allege that they, the said defendants, are seized in fee thereof."

The plaintiff made the usual proof of the note, mortgage still due, &c. The answering defendants offered no proof whatever as to their claim of title, but moved to dismiss the complaint on the ground that the plaintiff failed to prove that Hester and wife were the legal owners of the land when they executed the mortgage. The Circuit Judge refused to dismiss the complaint, and upon the proof gave judgment of foreclosure against the mortgagors, Hester and wife, but enjoined its enforcement until an issue could be decided, which he ordered, as to the title of the mortgaged premises, in which the answering defendants who set up title were made the actors.

From this decree and order the said defendants appeal to this court upon the following exceptions :

I. "For that the plaintiff having failed to make good by testimony his allegation, 'that the defendants, T. O. McAlhamy and others, claim some interest in, or lien on, the mortgaged premises accruing since the lien of said mortgage,' and having failed to show title in the mortgagors, the judge erred in refusing to dismiss the complaint as against said defendants; such proof being necessary to give the Court of Equity jurisdiction, and enable that court to adjudicate the defendants' title.

II. "For that his honor erred in ordering that an issue be tried by a jury, 'whether or not the defendants have title to the land in these proceedings mentioned,' and that at such trial the defendants shall assume the burden of proof, and shall establish their affirmative defence as set forth in their answer. Whereas, it is submitted, his honor should have held that it was incumbent on the plaintiff to make out his case; that the burden of proof was on the plaintiff, and that the defendants' title was good against all except him who showed a better title, &c.

III. "For that the tenor of the order is against the settled policy and law of this State, in that it requires the defendants to show that the plaintiff is not entitled to recover," &c.

There is a good deal of confusion in this case, resulting from a want of fulness and perspicuity in the pleadings. It is undoubtedly true that the plaintiff must prove his case, but there is

always a preliminary question as to what is the case made. What was the issue made here by the pleadings? The complaint was in the usual form, to foreclose a mortgage, stating the execution of the note and mortgage, that the debt is still due and unpaid, &c. We do not understand that in such case it is usual for the plaintiff to go on and allege in terms that the mortgaged premises belonged to the mortgagor, but such allegation is always involved. Considering it as made here by the plaintiff, it does not seem to us that it was controverted by the defendants in such way as to make it incumbent on the plaintiff to prove, in the first place, that Hester and wife had title at the time they executed the mortgage. The mortgagors themselves certainly made no such issue, for they made default, and judgment of foreclosure was properly rendered against them.

Did the answering defendants make any such direct issue? Their answer is very peculiar, and really seems carefully to avoid such issue. They do not state how or when their alleged interest arose, but simply that they have had possession for more than ten years, that they are now seized in fee, and that the Hesters now have no interest in the land. It is insisted that this was equivalent to denying that Hester and wife ever had title, but it does not so strike us. Their assertion of title is carefully limited to the present—that they are now seized, &c. This does not, necessarily, exclude the idea that Hester and wife had title when they executed the mortgage, but had subsequently transferred it to them, and that they, being in under the Hesters or with their consent, their title had been perfected by long possession. We cannot say that the plaintiff failed to prove his case, as made by the pleadings, or that the judge erred in refusing to dismiss the complaint.

But who should be the actor in the issue ordered? That must depend upon the inquiry, whether the claim of title by these defendants was what is called new matter; that is to say, whether it is analogous to the plea of confession and avoidance, which admits the cause of action alleged did once exist, and alleges subsequent facts which operate to discharge it. The new matter of the code admits all of the material allegations of the complaint, and consists of facts not alleged therein, which destroy the right

of action and defeat a recovery. From what we have already said, it will be seen that, under the pleadings, the title set up by the answering defendants must be regarded as new matter. The plaintiff stated in the complaint that the claim of the defendants, whatever it might be, "accrued after the lien of the mortgage." This statement was not denied by the answer of the defendants, and the effect of that failure to controvert was to admit the truth of it. "Every material allegation of the complaint, not controverted by the answer, shall, for the purposes of the action, be taken as true; but the allegation of new matter in the answer, not relating to a counter-claim or of new matter in a reply, is to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may be." *Code*, § 189. We agree with the Circuit Judge, who ordered the issue, that, under the pleadings in this case, the answering defendants should be the actors and prove their allegations of new matter made by them.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.